UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD MAX STRAHAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 10-12278-JLT |
| | * | |
| KENISHA STEWART and NUMEROUS JOHN | * | |
| DOES, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

June 13, 2011

TAURO, J.

I.      Introduction

Plaintiff Richard Max Strahan brings this suit against Defendant Kenisha Stewart, a

Boston Police officer, for alleged violations of the Civil Rights Act, false arrest, and "tortious

destruction of property."  Presently at issue are Plaintiff's Motion to Compel Edward Davis to

Comply with Subpoena [#17] and Defendant's Motion to Dismiss Plaintiff's Complaint [#21].

For the following reasons, Plaintiff's Motion to Compel is DENIED and Defendant's Motion to

Dismiss is ALLOWED.

II.     Background[1]

On August 2, 2008, Plaintiff was taking photographs near the Boston Common.[2]  While

---

[1] Because the issues analyzed here arise in the context of a motion to dismiss, this court
presents the facts as they are related in Plaintiff's Complaint, Trans-Spec Truck Serv., Inc. v.
Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes those facts in the light most
favorable to Plaintiff, see Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting
Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)).

[2] Verified Compl. Declaratory, Injunctive, Compensatory & Punitive Relief & Req. Jury
Trial, 1 [#1] [hereinafter Compl.].

he was taking photographs, Plaintiff photographed Defendant.[3] Defendant "approached [Plaintiff] and told him to stop taking pictures . . . of her."[4] Plaintiff took several photographs of Defendant "to document her threat" and then went to a pizza shop.[5] Plaintiff saw Defendant outside the pizza shop, and although Defendant did not speak to Plaintiff, Plaintiff fled to a nearby movie theater.[6] Outside the movie theater, Plaintiff "stopped at the entrance to confront" Defendant, who had followed Plaintiff to the movie theater.[7] At that point, a "bicycle riding Boston police employee" approached Plaintiff and told him that he was under arrest.[8] At one point, Defendant said, "'I want those pictures . . . Its [sic] inappropriate that he took pictures of me.'"[9] The Boston Police employee, and other such employees, told Plaintiff to erase the photograph that he had taken of Defendant.[10] Plaintiff erased several photographs and then Defendant and the other Boston Police employees ordered Plaintiff to leave the area.[11]

After the incident, Plaintiff filed a complaint with the Internal Affairs Division ("IAD") of the Boston Police Department ("BPD").[12]

---

[3] Compl. ¶ 11 [#1].

[4] Compl. ¶ 11 [#1].

[5] Compl. ¶¶ 11–12 [#1].

[6] Compl. ¶¶ 12–14 [#1].

[7] See Compl. ¶ 14 [#1].

[8] Compl. ¶ 14 [#1].

[9] Compl. ¶ 16 [#1].

[10] Compl. ¶¶ 15, 16 [#1].

[11] Compl. ¶ 17 [#1].

[12] Compl. ¶ 20 [#1].

Plaintiff asserts five counts against Defendant: (1) a "[v]iolation of the Civil Rights Act by . . . [v]iolating the Plaintiff's Fourth Amendment Right Against Unlawful Seizure of His Body and Property in Falsely Arresting Him and then Destroying his Property";[13] (2) a "[v]iolation of the Civil Rights Act by . . . violati[ng] . . . the Fourteenth Amendment's Due Process and Equal Treatment [sic] Provisions in . . . Illegally Seizing [Plaintiff's] Property and Arresting him without the required process";[14] (3) a "[v]iolation of the Civil Rights Act by . . . [v]iolating the Plaintiff's First Amendment Rights to Peacefully Photograph Members of the Public, Employees of the BPD, and Events in the Outdoor Public Places in Boston";[15] (4) false arrest;[16] and (5) "Tortious Destruction of Personal Property."[17]

III.    Discussion

    A.    Plaintiff's Motion to Compel

Plaintiff seeks an order from this court compelling Boston Police Commissioner Edward Davis to comply with the subpoena that Plaintiff served on him.[18]  Plaintiff concedes that Davis responded to Plaintiff's subpoena "by mailing [Plaintiff] a set of documents."[19]

---

[13] Compl., 10 [#1].

[14] Compl., 11 [#1].

[15] Compl., 11 [#1].

[16] Compl., 13 [#1] (mistakenly labeling the fourth count of the complaint as "COUNT III").

[17] Compl., 13 [#1] (mistakenly labeling the fifth count of the complaint as "COUNT IV").

[18] Pl.'s Mot. Compel Edward Davis Comply Subpoena, 1 [#17] [hereinafter Mot. Compel].

[19] Mot. Compel, 1 [#17].

As Davis makes clear in his opposition to Plaintiff's Motion to Compel, Davis has complied with the subpoena "to the fullest extent permitted by the law."[20] The information that Plaintiff seeks in his Motion either was not requested in the subpoena[21] or has already been produced to Plaintiff,[22] with one exception.

The sole document withheld from Plaintiff is a document from IAD's file on the incident.[23] That document, which is the IAD investigator's summary, is statutorily protected because it is "investigatory material[] necessarily compiled out of the public view by law enforcement or other investigatory officials the disclosure of which material[] would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest."[24] Even without that document, Davis produced to Plaintiff "all documents used to conduct the investigation."[25]

For these reasons, this court deems it unnecessary to compel the production of any additional materials.

### B.      Defendant's Motion to Dismiss

Defendant moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss

---

[20] Edward Davis' Opp'n Pl.'s Mot. Compel, 1 [#18] [hereinafter Davis' Opp'n]; see also Letter from Michelle K. Hinkley, Assistant Corp. Counsel, City of Bos. Law Dep't, to Judge Joseph L. Tauro, U.S. Dist. Judge for the Dist. of Mass. (June 1, 2011) [#29].

[21] See Davis' Opp'n ¶¶ 1, 2, 4 [#18].

[22] See Davis' Opp'n ¶ 3 [#18].

[23] See Davis' Opp'n ¶ 3 [#18].

[24] G.L. ch. 4, § 7(26)(f).

[25] Davis' Opp'n ¶ 3 [#18].

Plaintiff's complaint for failure to state a claim upon which relief can be granted.[26]

            1.     Count One

Plaintiff has failed to allege sufficient facts to demonstrate that Defendant unlawfully seized Plaintiff or Plaintiff's property in violation of the Fourth Amendment.

The Fourth Amendment protects people from unreasonable seizures by police officers.[27] In this context, the word "seizure" "connote[s] not merely grasping, or applying physical force to, the animate or inanimate object in question, but actually bringing it within physical control."[28] The Supreme Court has held that a pursuit by a police officer of a fleeing individual does not amount to a seizure under the Fourth Amendment until the individual is actually apprehended.[29]

A person has been "seized" for Fourth Amendment purposes "'only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'"[30] Police officers "may approach citizens in public spaces and ask them questions without triggering the protections of the Fourth Amendment."[31] A seizure only occurs if an "officer, by means of physical force or show of authority, has in some way restrained the liberty of

---

[26] Def.'s Mot. Dismiss Pl.'s Compl., 1 [#21].

[27] See U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, . . . but upon probable cause, supported by oath or affirmation, and particularly describing . . . the persons or things to be seized.").

[28] California v. Hodari D., 499 U.S. 621, 624 (1991).

[29] Id. at 626; see County of Sacramento v. Lewis, 523 U.S. 833, 842–44 (1998).

[30] Hodari D., 499 U.S. at 628 (quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980)).

[31] United States v. Young, 105 F.3d 1, 6 (1st Cir. 1997) (citing Florida v. Bostick, 501 U.S. 429, 434 (1991); United States v. Manchester, 711 F.2d 458, 460 (1st Cir. 1983)).

a citizen."[32]

A seizure of property under the Fourth Amendment occurs if "there is some meaningful interference with an individual's possessory interests in that property."[33]  That is, "a seizure deprives the individual of dominion over his or her . . . property."[34]

Plaintiff was not seized when Defendant followed Plaintiff to the pizza shop.  From the facts that Plaintiff alleges, this court can conclude at most that Defendant may have been following Plaintiff and watching him.  Such conduct does not rise to the level of a seizure, because Defendant at no time restrained Plaintiff's liberty.[35]

Nor was Plaintiff seized in front of the movie theater.  Plaintiff stopped in front of the movie theater in order to confront Defendant—Defendant did not order Plaintiff to stop.[36]  Further, Defendant actually told Plaintiff to <u>leave</u> the area.[37]  No reasonable person would feel unable to leave if a police officer in fact told him to leave.[38]

Finally, Plaintiff's property was not unlawfully seized.  In Count One, Plaintiff claims that his digital camera was confiscated and that he was "coerc[ed] and intimidat[ed] . . . into destroying his own property."[39]  But Plaintiff fails to allege any facts that indicate that Defendant

---

[32] <u>Terry v. Ohio</u>, 392 U.S. 1, 19 n.16 (1968).

[33] <u>United States v. Jacobsen</u>, 466 U.S. 109, 113 (1984).

[34] <u>Horton v. California</u>, 496 U.S. 128, 133 (1990) (citing <u>Jacobsen</u>, 466 U.S. at 113).

[35] <u>See</u> <u>Terry</u>, 392 U.S. at 19 n.16.

[36] <u>See</u> Compl. ¶ 17 [#1].

[37] <u>See</u> Compl. ¶ 17 [#1].

[38] <u>See</u>  <u>Hodari D.</u>, 499 U.S. at 628.

[39] Compl. ¶ 23 [#1].

confiscated his camera or coerced him into deleting photographs. Plaintiff alleges only that

Defendant said that she wanted Plaintiff to erase the photographs of her.[40] At no time did she

deprive Plaintiff of dominion over his camera,[41] nor did she coerce him into deleting the

photographs.

### 2. Count Two

Plaintiff has failed to state a claim for alleged violations of his Fourteenth Amendment

rights to due process and equal protection.

The Fourteenth Amendment of the Constitution provides that no state may deprive any

person of property without due process of law.[42] But an "unauthorized intentional deprivation of

property by a state employee does not constitute a violation of the procedural requirements of the

Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the

loss is available."[43] For that reason, if state remedies are adequate to compensate an individual

whose property was taken by a state actor, that individual may not sue for damages under 42

U.S.C. § 1983.[44] In the cases in which a plaintiff fails to state whether an adequate post-

---

[40] See supra text accompanying note 9.

[41] See Horton, 496 U.S. at 133.

[42] U.S. Const. amend. XIV ("[N]or shall any state deprive any person of life, liberty, or property, without due process of law . . . .").

[43] Hudson v. Palmer, 468 U.S. 517, 533 (1984).

[44] O'Neill v. Baker, 210 F.3d 41, 50 (1st Cir. 2000) (citing Lowe v. Scott, 959 F.2d 323, 340 (1st Cir. 1992)); see Chongris v. Bd. of Appeals, 811 F.2d 36, 40 (1st Cir. 1987) ("Where state procedures—though arguably imperfect—provide a suitable form of predeprivation hearing coupled with the availability of meaningful judicial review, the fourteenth amendment guarantee of procedural due process is not embarrassed." (citing Creative Env'ts, Inc. v. Estabrook, 680 F.2d 822, 829–30 (1st Cir. 1982)); Alton Land Trust v. Alton, 745 F.2d 730, 732 (1st Cir. 1984) ("Appellants were not denied due process. New Hampshire law provided them with the right to

deprivation remedy is available under state law, the First Circuit has "decline[d] to address the question."[45]  Nonetheless, this court notes that in Massachusetts, post-deprivation remedies, such as the state tort of conversion and other common-law remedies, exist to compensate individuals for intentional and negligent deprivations of property by state employees.[46]

Here, Plaintiff has not alleged a due process violation.  Because Plaintiff makes no allegation that the state cannot provide an adequate post-deprivation remedy, and because such remedies exist, Plaintiff has failed to state a claim upon which relief can be granted.

Nor has Plaintiff alleged an equal protection violation.  A plaintiff may assert an equal protection claim under the Fourteenth Amendment if "the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."[47]  Plaintiff has not alleged that he was treated differently from others similarly situated.  As such, Plaintiff has failed to state a claim upon which relief may be granted.

Finally, Plaintiff has failed to state a conspiracy claim.[48]  To plead a conspiracy under 42

---

appeal to the courts from the Board's denial of a permit.  When they appealed, their contentions were heard and, indeed, relief was ordered in their favor.").

[45] Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 33 (1st Cir. 1996) (citing Rumford Pharmacy, Inc. v. City of E. Providence, 970 F.2d 996, 999 (1st Cir. 1992); Monahan v. Dorchester Counseling Ctr., Inc., 961 F.2d 987, 994 n.7 (1st Cir. 1992)); see Triplett v. Davis, No. 95-1805, 1996 U.S. App. LEXIS 10459, at *2–3 (1st Cir. May 7, 1996) (citing Romero-Barcelo, 75 F.3d at 33).

[46] Davis v. Schifone, 185 F. Supp. 2d 95, 102 (D. Mass. 2002) (Tauro, J.).

[47] Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citing Sioux City Bridge Co. v. Dakota Cnty., 260 U.S. 441 (1923); Allegheny Pittsburgh Coal Co. v. Comm'n of Webster Cnty., 488 U.S. 336 (1989)).

[48] The title of Count Two reads as follows: "Defendants [sic] Violation of the Civil Rights Act by their violation of the Fourteenth Amendment's Due Process and Equal Treatment Provisions in their Illegally Seizing His Property and Arresting him without the required lawful

U.S.C. § 1985(3), a plaintiff must allege four elements:

> (1) a conspiracy; (2) a conspiratorial purpose to deprive a person or class of persons of equal protection or of equal privileges and immunities; (3) an overt act in furtherance of the conspiracy; and (4) either injury to person or property or deprivation of a constitutionally protected right or privilege.[49]

Additionally, "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action."[50]

Plaintiff has failed to assert sufficient facts to support a § 1985(3) conspiracy. The complaint lacks any facts that indicate that there was an agreement to arrest Plaintiff without probable cause.[51] Plaintiff also fails to allege a class-based discriminatory animus. Count Two must therefore be dismissed in its entirety.

### 3. Count Three

Plaintiff has failed to allege sufficient facts to sustain his claim that Defendant violated Plaintiff's First Amendment rights.

To demonstrate a First Amendment violation under § 1983, a plaintiff must allege that the

---

process." Compl., 11 [#1]. Within the explanation of Count Two, however, Plaintiff refers to a "conspiracy to stop [Plaintiff] and other members of the Public from photographing [BPD employees] in the outdoor Public spaces in Boston." Compl. ¶ 27 [#1]. Because Plaintiff is pro se, this court is mindful of the liberal standard with which it must read Plaintiff's pleadings, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and thus treats Count Two as including a conspiracy claim against Defendant.

[49] Columbus v. Biggio, 76 F. Supp. 2d 43, 49 (D. Mass. 1999) (Tauro, J.) (citing Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1999)).

[50] Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Griffin requires plaintiffs to "allege facts showing that (1) the defendants conspired against them because of their membership in a class, and (2) the criteria defining the class are invidious." Aulson, 83 F.2d at 4.

[51] See Compl. ¶ 27 [#1] ("As part of their conspiracy they have agreed to arrest [Plaintiff] and others without probable cause and for violation of non-existant [sic] statutes.").

defendant's actions resulted in a chilling or intimidation of the plaintiff's exercise of those First Amendment rights.[52] To demonstrate a § 1983 claim of retaliation for First Amendment activity, "a plaintiff must first show 'that his conduct was constitutionally protected, and that this conduct was a "substantial factor" or . . . a "motivating factor"' for the defendant's retaliatory decision."[53] Additionally, a plaintiff must demonstrate "subsequent injury in any sort of retaliation action."[54]

Here, Plaintiff has failed to allege a First Amendment violation. Defendant's conduct could not have resulted in a chilling of Plaintiff's First Amendment rights, because after Defendant told Plaintiff to stop taking photographs, Plaintiff took additional photographs.[55] Further, Plaintiff filed a complaint with the IAD after the incident.[56] Plaintiff was clearly undeterred by Defendant's conduct.[57]

Plaintiff has also failed to allege properly a § 1983 claim of retaliation for First Amendment activity. Plaintiff claims that Defendant and other BPD employees "threatened to arrest [Plaintiff] as a retaliation to prevent him from documenting his destruction of his property

---

[52] See Sullivan v. Carrick, 888 F.2d 1, 4 (1st Cir. 1989).

[53] Powell v. Alexander, 391 F.3d 1, 17 (1st Cir. 2004) (alteration in original) (quoting Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).

[54] Hartman v. Moore, 547 U.S. 250, 259 (2006) (citing Crawford-El v. Britton, 523 U.S. 574, 593 (1998); Mt. Healthy, 429 U.S. at 285–87).

[55] See Compl. ¶ 11 [#1].

[56] Compl. ¶ 20 [#1].

[57] See Willoughby v. Town of Tisbury, 750 F. Supp. 2d 374, 381 (D. Mass. 2010) (Tauro, J.) (holding that the plaintiff's First Amendment rights had not been violated where the plaintiff "effectively told one . . . police officer[] that his speech would not be chilled" and "repeatedly complained to . . . the . . . police").

10

on 2 August 2008 and other acts of theirs on that day that they did not want documented."[58]  But

Plaintiff does not allege any of the following: that Defendant specifically threatened to arrest

Plaintiff; that Defendant in fact arrested Plaintiff; or that Defendant threatened Plaintiff with

violence; or that Plaintiff was injured as a result of Defendant's alleged retaliation.[59]  For these

reasons, Count Three fails to state a claim.

### 4.    Count Four

Plaintiff has failed to state a claim for false arrest.  One "necessary element" of a false

arrest claim is an illegal arrest.[60]  Because Plaintiff has not alleged that Defendant arrested

Plaintiff, this claim fails.

### 5.    Count Five

Plaintiff has failed to state a claim for tortious destruction of property because

Massachusetts does not recognize a tort named "Tortious Destruction of Personal Property."[61]

If this court interprets Count Five liberally, as it must,[62] to assert a claim for conversion

against Defendant, the claim still fails.  A claim for conversion "require[s] that a defendant be

proved to have 'intentionally or wrongfully exercised acts of ownership, control or dominion over

---

[58] Compl. ¶ 30 [#1].

[59] See Hartman v. Moore, 547 U.S. at 259.

[60] E.g., Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 12 (1st Cir. 2004) (citing Mann v. Cannon, 731 F.2d 54, 62 (1st Cir. 1984)).

[61] Compl., 13 [#1].

[62] See Haines, 404 U.S. at 520.

personal property to which he has no right of possession at the time.'"[63]

Here, Plaintiff complains that Defendant "destroyed . . . [Plaintiff's] pictures of Defendant, his purchased slices of pizza, and caused sever [sic] injury to his Nikon digital camera."[64]  As to the photographs of Defendant, Plaintiff has not alleged that Defendant herself destroyed the photographs or coerced Plaintiff to destroy the photographs.[65]  Additionally, Plaintiff has not asserted specific allegations anywhere in his complaint as to how the pizza was destroyed or how the camera was injured.  For these reasons, Plaintiff has not properly pled a claim for conversion.

### 6.    Qualified Immunity

In addition to the fact that Plaintiff has failed to state a claim upon which relief may be granted, Defendant is entitled to qualified immunity.

Under the doctrine of qualified immunity, "government officials performing discretionary functions[] generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[66]  To determine whether an official violated such rights, a court must make three inquiries:

> "(i) whether the plaintiff's allegations, if true, establish a constitutional violation; (ii) whether the constitutional right at issue was clearly established at the time of the putative violation; and (iii) whether a reasonable officer, situated similarly to the defendant, would

---

[63] Belicken v. Stark, 61 Mass. App. Ct. 619, 622 n.2 (2004) (quoting Abington Nat'l Bank v. Ashwood Homes, Inc., 19 Mass. App. Ct. 503, 507 (1985)).

[64] Compl. ¶ 36 [#1].

[65] See supra text accompanying notes 39–40.

[66] Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (citing Procunier v. Navarette, 434 U.S. 555, 565 (1978); Wood v. Strickland, 420 U.S. 308, 322 (1975)).

have understood the challenged act or omission to contravene the discerned constitutional right."[67]

As explained above, Plaintiff has failed to establish a constitutional violation against Defendant. Because Defendant is a government official, she is thus entitled to qualified immunity and all claims against her must be dismissed.

IV.     Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel Edward Davis to Comply with Subpoena [#17] is DENIED and Defendant's Motion to Dismiss Plaintiff's Complaint [#21] is ALLOWED.

AN ORDER HAS ISSUED.

                                        /s/ Joseph L. Tauro
                                        United States District Judge

---

[67] Cox v. Hainey, 391 F.3d 25, 29–30 (1st Cir. 2004) (quoting Limone v. Condon, 372 F.3d 39, 44 (1st Cir. 2004)).